```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
CALVIN SAMUEL,

                    Petitioner,

     - against -                              MEMORANDUM & ORDER
                                              10-CV-1154(JS)
UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------x
APPEARANCES:
For Plaintiff:      Calvin Samuel, Pro Se
                    71552-053
                    Canaan B-1
                    U.S. Penitentiary
                    Inmate Mail/Parcels
                    P.O. Box 300
                    Waymart, PA 18472

For Defendants:     No Appearance
```

SEYBERT, District Judge:

On March 12, 2010, Petitioner Calvin Samuel ("Petitioner' or "Samuel") filed a motion for an extension of time to file his habeas corpus petition pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's motion is DENIED.

## BACKGROUND

On November 1, 2006, Petitioner was indicted on two counts: (1) Conspiracy to obstruct commerce by robbery, 18 U.S.C. § 1951(a); and (2) Discharging a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)). Although he initially plead not guilty, on July 6, 2007, Petitioner plead

guilty to both counts. This Court imposed a sentence on October 6, 2008, mandating a total term of 180 Months: 120 Months on Count 1 and 60 Months on Count 2 (Consecutive). Upon release from imprisonment, Petitioner will be subject to a supervised release term of 5 Years: 3 Years on Count 1 and 5 Years on Count 2 (Concurrent). Finally, Petitioner was directed to pay a special assessment of $200.00 and restitution in the amount of $439,350.00. On March 12, 2010, Petitioner filed his current application.

## DISCUSSION

I. Section 2255 Requirements And Statute Of Limitations

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress imposed a one-year period of limitation on section 2255 motions, which runs, in this case, from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).

II. Jurisdiction Over Petitioner's Claims

   A. Jurisdictional Requirements

   In United States v. Leon, 203 F.3d 162 (2d Cir. 2000) (per curiam), the Second Circuit held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed[,]" because prior to an actual filing, "there is no case or controversy to be heard[.]" Id. at 164. However, if and when Petitioner actually files a § 2255 petition, a district court may consider his argument that such a petition should be considered timely." Id.

   In Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000), cert. denied, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 63 (2000), the Second Circuit held that the AEDPA's "one-year period [under 28 U.S.C. § 2244] is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period." Id. at 17 (citing Calderon v. United States Dist. Court for the Cent. Dist. of Cal., 163 F.3d 530, 541 (9th Cir. 1998) (en banc)). Subsequently, the Court of Appeals held that the one year deadline the AEDPA imposed on the filing of section 2255 petitions similarly established a statute of limitations and is not a jurisdictional bar. Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citing Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999)). The Court cautioned in Smith, however, that "[e]quitable tolling applies

only in . . . rare and exceptional circumstance[s]," Smith, 208 F.3d at 17 (internal quotation marks omitted), and only where the defendant has "acted with reasonable diligence throughout the period he seeks to toll." See id. (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133-36 (2d Cir. 2000) (conducting equitable tolling analysis with respect to an untimely section 2254 petition); Warren v. Garvin, 219 F.3d 111, 113-14 (2d Cir. 2000) (same).

Taking the principles of Leon and Smith together, "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period." Green, 260 F.3d at 82-83. Thus, in this case, the Court must first decide whether Samuel's motion for an extension of time can be construed as a Section 2255 petition for purposes of timeliness.

B. Petioner's Motion For An Extension Of Time Is Untimely And Cannot Be Construed As A Section 2255 Petition Motion For Purposes Of Timeliness Under The AEDPA

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652

4

(1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."), and construe it "'to raise the strongest arguments'" suggested. Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines to treat that motion as a substantive motion for relief under section 2255." Green, 260 F.3d at 83 (citing Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (holding that a district court must review pro se petitions "with a lenient eye, allowing borderline cases to proceed") (quoting Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983)). Thus, regardless of when a prisoner files a motion for an extension of time, the district court "must first determine whether the motion contains allegations supporting a claim for relief under section 2255. If it does, the district court should construe it as such, and then decide whether the motion is timely. If . . . not, the

district court has no jurisdiction under Leon to consider the motion." Id.

In this case, even Petitioner's motion for an extension of time is untimely under the AEDPA. Even if the motion was timely, however, Petitioner's attempts at saving his petition fail for other reasons. And, even considering the Court's duty to liberally construe pro se pleadings, Petitioner's request for an extension of time does not contain any basis in fact or in law for relief under section 2255, and therefore, cannot be construed as a substantive motion for relief under section 2255. Accordingly, Petitioner's motion for an extension of time must be DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED. Petitioner's habeas petition is time-barred. Furthermore, the Court DENIES Petitioner a certificate of appealability. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March  26 , 2010
          Central Islip, New York